### JOHN E. SMITH *vs.* JAMES C. COLLINS.

Grant by deed of realty to S. "for and during his, S.'s, natural life, and his oldest
male heir at the time of said S.'s decease then living, and his heirs and assigns for-
ever," *habendum* "to him the said S. for and during his natural life, and to his said
oldest male heir and assigns forever."

*Held,* to be a life estate in S., with remainder in fee simple to his oldest male heir living
at his decease, the remainder being contingent as to the person who should take.

BILL IN EQUITY to terminate a trust.

*July* 11, 1891. PER CURIAM. This bill seeks to set aside or terminate a trust deed made by the complainant to the respondent, and upon the issues submitted the court finds : —

*First.* That the complainant intended to make said trust irrevocable.

*Second.* That the respondent has properly performed his duties as trustee.

*Third.* That the complainant's title to the estate described in the trust deed is a life estate.

In the deed from the complainant's father, who formerly owned the estate, the grant was to the complainant "for and during his, the said John E. Smith's, natural life, and his oldest male heir at the time of the said John E. Smith's decease then living, and his heirs and assigns forever," *habendum* "to him the said John E. Smith for and during his natural life, and to his said oldest male heir and assigns forever." The complainant claims that the limi-

tation created an estate tail, citing *Manchester* v. *Durfee*, 5 R. I. 549; *Cooper* v. *Cooper*, 6. R. I. 261; *Jillson* v. *Wilcox*, 7 R. I. 515, and *Sutton* v. *Mills*, 10 R. I. 348.

There is a wide difference between these cases and the one at bar. In these cases the estate was conveyed by devise, and here it is by deed. To create an estate tail it is necessary, in addition to the word "heirs," that there should be words of procreation to indicate the body from which the heirs are to proceed. 1 Washburn Real Property, *74, *77; 2 Blackstone Comment. *115. In a deed these must be expressed, but in a will more latitude is allowed in getting at the testator's intent; so that, as in *Cooper* v. *Cooper*, *supra*, the words "male heirs" may be taken as equivalent to male heirs of the body of the devisee.

There is clearly no estate tail in John E. Smith under this deed, since both the limitation of a fee to him and words of procreation by which a fee is cut down are wanting. Where a deed runs to a man and his heirs, male or female, it conveys an estate in fee simple, "for there are no words to ascertain the body out of which they shall issue." 2 Blackstone Comment. *115. But in this case a life estate in John E. Smith is clearly marked out, with remainder in fee simple to his oldest male heir living at his decease; which remainder is contingent as to the person who is to take. There is therefore no room for a construction which would enlarge the complainant's estate to a fee.

*Charles F. Baldwin*, for complainant.

*James C. Collins*, *pro se ipso*.